**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge HERNANDEZ–HERNANDEZ,**
**Defendant–Appellant.**

**No. 10–41182**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2011.

Jeffery Alan Babcock, Renata Ann Gowie, James Lee Turner, Assistant U.S. Attorneys, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Oscar Vega, Law Offices of Oscar Vega, Pharr, TX, for Defendant–Appellant.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Jorge Hernandez–Hernandez (Hernandez) appeals the 180–month prison sentence imposed following his guilty plea conviction of conspiracy to transport and harbor illegal aliens. Hernandez argues that the district court erred in imposing a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) based on a finding that he had a managerial or supervisory role in the offense. He specifically contends that the enhancement was improper because the evidence demonstrated that he supervised only one other person.

Section 3B1.1(b) authorizes a three-level increase in a defendant's offense level if the defendant was a manager or supervisor but not an organizer or leader and the criminal activity involved at least five participants or was otherwise extensive. We review the district court's determination that Hernandez was a manager or supervisor for clear error. *United States v. Rose,* 449 F.3d 627, 633 (5th Cir.2006).

Hernandez does not contest the district court's conclusion that the conspiracy consisted of at least five participants. As Hernandez concedes, the uncontested facts demonstrate that he directed at least one other person in the conspiracy. A defendant need only manage or supervise one other participant in order to qualify for the adjustment. *See* § 3B1.1, comment. (n.2) (noting that a defendant qualifies for the adjustment if he was the manager or supervisor "of one or more other participants") (2004); *United States v. Curtis,* 635 F.3d 704, 720 (5th Cir.2011) (recogniz-

---

ing that the enhancement may be applied even if the defendant supervised only one other culpable participant), *cert. denied,* —— U.S. ——, 132 S.Ct. 191, 181 L.Ed.2d 99 (2011). Accordingly, the district court did not clearly err in imposing the three-level enhancement. *See Rose,* 449 F.3d at 633.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.